# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 1:19-cv-01210-RM-NYW

JANE DOE,

    Plaintiff,

v.

SCHOOL DISTRICT NUMBER 1, DENVER, COLORADO a/k/a Denver Public Schools ("DPS"),
TOM BOASBERG, in his official capacity as superintendent of DPS,
JULIE CATHERINE MURGEL, in her official capacity as principal of Denver Center for International Studies at Montbello School ("DCIS Montbello"),

    Defendants.

## ORDER

This matter is before the Court on Defendants' motion to dismiss. (ECF No. 26.) The motion has been fully briefed. (ECF Nos. 42, 47.) The Court has reviewed the pleadings, case file, and applicable law and now grants the motion for the reasons stated below.

## I.     LEGAL STANDARD

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual

allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted). To determine whether a claim is plausible, a court considers "the elements of the particular cause of action, keeping in mind that the Rule 12(b)(6) standard doesn't require a plaintiff to set forth a prima facie case for each element." *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1247 (10th Cir. 2016) (quotation omitted). However, if the allegations "are so general that they encompass a wide swath of conduct, much of it innocent," the plaintiff has not "nudged [her] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quotation omitted).

## II.     BACKGROUND

For present purposes, the Court accepts the allegations in the complaint as true. When Plaintiff was seventeen, she was a student at DCIS Montbello, a DPS high school, and attended a school trip to France. More than a week before the trip, Plaintiff learned that she had been assigned to stay with a host family that included a son, and she asked the teacher supervising the trip to change her assignment to a host family with a daughter. The teacher refused to do so. The teacher did not inform the principal or Plaintiff's parents about Plaintiff's placement. Plaintiff alleges that the host son sexually harassed her repeatedly during her stay with the host family and, on her last night there, sexually assaulted her.

The next day, Plaintiff reported the assault to the teacher supervising the trip. By that time, however, the students had left their host families and traveled to another city in France.

The teacher did not immediately report the assault to anyone. Nor did she arrange or provide any services, such as medical treatment or counseling, to help Plaintiff cope with the trauma she was experiencing as a result of the assault. The trip ended three days later, and the students returned to Denver. The following Monday, another two days later, the supervising teacher reported the assault to the principal, Defendant Murgel. That day, Defendant Murgel held a meeting with Plaintiff, her mother, the teacher who supervised the trip, a dean, and a social worker. At the meeting, Defendant Murgel opined that it would be difficult to take action against the host son, presumably because he was not a student of DPS, or even a U.S. citizen, and lived in another country. At the end of the meeting, the social worker assisted Plaintiff with filing a police report.

Due to her handling of the situation, the teacher who supervised the trip was either terminated or forced to resign. Plaintiff suffered from severe emotional distress, trauma, and post-traumatic stress disorder as a result of the incident. She was subsequently placed on a "504 plan" and assigned a social worker by DPS. Plaintiff contends that the support from DPS was "too little, too late" because "[t]he damage had already been done." (ECF No. 1, Compl. at ¶ 55).

Plaintiff's complaint asserts seven claims against DPS and three individual Defendants individually and in their official capacities, but only one claim remains in the case—that DPS violated Title IX of the Education Amendments of 1972 by its deliberate indifference to sexual harassment.[1] Plaintiff contends that DPS "placed [her] in a housing situation in which it was reasonably foreseeable that [she] would be at risk of violence, sexual assault, and/or rape" (*Id.*

---

[1] For present purposes, the Court makes no distinction between DPS and the remaining individual Defendants being sued in their official capacities. *See Meyer v. Bd. of Cty. Comm'rs*, 482 F.3d 1232, 1237 (10th Cir. 2007) (noting that claims against individual defendants in their official capacities are treated as against the governmental entity or entities they represent).

at ¶ 1), that her placement with the host family violated DPS policies requiring female students to be placed only with host families that had daughters (and male students to be placed only with host families that had sons) and all students on overnight stays to "only be with students of the same sex based on arrangements made by the program supervisor" (*Id.* at ¶¶ 14, 15), that her placement violated a state law requiring school officials to use reasonable care to protect students from reasonably foreseeable acts of violence, and that "any reasonable person would have recognized that placing a seventeen-year-old girl in a housing situation with a male student in the house for a week might lead to an act of violence, including in particular sexual assault" (*Id.* at ¶¶ 19, 20).

### III. ANALYSIS

To state a claim of school district liability under Title IX, a plaintiff must allege that the district (1) had actual knowledge of and (2) was deliberately indifferent to (3) harassment that was so severe, pervasive, and objectively offensive that it (4) deprived the victim of access to the educational benefits or opportunities provided by the school. *Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238, 1246 (10th Cir. 1999). The Court finds Plaintiff's complaint fails to satisfy the first two elements.

#### A. Actual Knowledge

With respect to the first element, Plaintiff does not allege that DPS had any specific reason to believe that the host son posed a substantial risk to her safety other than because he was a male. *Compare Escue v. N. Okla. Coll.*, 450 F.3d 1146, 1154 (10th Cir. 2006) ("Generally, the district courts that have examined the issue [of actual knowledge when prior acts of harassment are alleged] have required that the school have actual knowledge of a *substantial risk* of abuse to

4

students based on prior complaints by other students." (quotation omitted)). Plaintiff cites no authority to support her argument that DPS had actual knowledge that harassment or an assault would occur simply because she was assigned to a host family with a son. Unsupported assumptions are insufficient to establish actual knowledge. The fact that some males commit sexual assault against females is insufficient to establish that every male poses a substantial risk to every female. According to the complaint, by the time anyone at DPS knew of a substantial risk to Plaintiff, she was no longer staying with the host family and the students had continued their trip by traveling to another city in France. Because there is no basis for concluding DPS had actual knowledge that Plaintiff faced a substantial risk of harassment or assault beforehand and no allegation that further harassment occurred once DPS was made aware of what had happened, Plaintiff necessarily fails to state a Title IX claim.

**B.  Deliberate Indifference**

A school district is deliberately indifferent to acts of student-on-student harassment only if its response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances. *Rost v. Steamboat Springs RE-2 Sch. Dist.,* 511 F.3d 1114, 1121 (10th Cir. 2008). The United States Supreme Court has explained that "[d]eliberate indifference makes sense as a theory of direct liability under Title IX only where the funding recipient has some control over the alleged harassment." *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 644 (1999).

To begin with, Plaintiff's argument that DPS was deliberately indifferent before it had actual knowledge of the harassment and assault is unavailing. *See Rost*, 511 F.3d at 1121. A district cannot be held liable under Title IX for harassment of which it is unaware, and, as

5

discussed above, the allegations in the complaint provide no basis for concluding that DPS was aware of the harassment and assault before Plaintiff informed the teacher supervising the trip.[2]

Plaintiff's allegations are also insufficient to show that DPS was deliberately indifferent in responding to the incident. "The Supreme Court has stated that the deliberate indifference must, at a minimum, cause students to undergo harassment or make them liable or vulnerable to it." *Escue*, 450 F.3d at 1155 (quotation omitted). Plaintiff does not allege that further sexual harassment occurred as a result of DPS's deliberate indifference. *See Rost*, 511 F.3d at 1123; *Escue*, 450 F.3d at 1155.

Moreover, Plaintiff cites no authority to support her argument that the failure to report the incident to French authorities amounts to deliberate indifference by DPS. Courts that have considered whether the failure to report an allegation to authorities or comply with Title IX regulations amounts to deliberate indifference have concluded that it does not. *See, e.g.*, *Roe v. St. Louis Univ.*, 746 F.3d 874, 883-84 (8th Cir. 2014); *Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 388 (5th Cir. 2000); *see also Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 291-92 (1998) ("[F]ailure to comply with the [Title IX] regulations . . . does not establish the requisite actual notice and deliberate indifference."). Thus, assuming the teacher supervising the trip had a duty to report the incident to French authorities or anyone else, Plaintiff has not shown that the failure to make a report amounted to deliberate indifference.

---

[2] Plaintiff's reliance on the allegation that her placement with the host family violated DPS policies is misplaced in any event. Plaintiff cites a DPS rule stating that "a student could not enter the lodging accommodations of any other student unless with permission of the occupant(s) and only if of the same sex." (ECF No. 1 at ¶ 15.) But the allegations do not establish that this rule was violated. First, Plaintiff has not shown that the rule has any application with respect to the host son, who was not a student of DPS. Second, Plaintiff has not shown that the term "lodging accommodations" refers to the host family's entire home. According to the allegations, Plaintiff had her own room in the host family's house and the assault occurred in the living room. Finally, even if a DPS policy was violated, as discussed below, that alone is not sufficient to establish deliberate indifference as a matter of law.

Further, "victims of peer harassment do not have a Title IX right to make particular remedial demands." *Rost*, 511 F.3d at 1123 (quotation omitted). Plaintiff was part of a group of students traveling in another country and was no longer at risk of being harmed by the host son when she reported the incident. Under the circumstances, the supervising teacher's failure to inform French authorities amounts to, at most, negligence. Plaintiff cites no authority for the proposition that it rises to the level of deliberate indifference. *See id.* at 1122 ("In hindsight, there may be other and better avenues that the district could have explored[,] but Title IX does not require flawless investigations or perfect solutions." (quotation omitted)). The same reasoning applies to Plaintiff's contention that DPS failed to perform and adequate investigation into the incident.

Nor do Plaintiff's allegations establish that the supervising teacher's delay in reporting the incident to the principal amounted to deliberate indifference. Again, there is no allegation that Plaintiff experienced additional harassment during that time. The Court cannot conclude that, under the unique circumstances of this case, it was clearly unreasonable for the supervising teacher not to report the incident during the international trip or, upon returning, to wait two days until the following Monday to report the incident to the principal.

The Court also cannot conclude that the supervising teacher was deliberately indifferent for failing to obtain medical treatment or counseling for Plaintiff during the trip. Plaintiff does not specify what she believes should or could have been done while the students were still in France. But in any event, "[t]his is not a situation where a school district learned of a problem and did nothing." *Id.* at 1121-22. Once Plaintiff was back at school and Defendant Murgel was informed of the incident, DPS took immediate action by holding a meeting attended by Plaintiff,

7

her mother, Defendant Murgel, the supervising teacher, a DCIS dean, and a social worker. Plaintiff was subsequently placed on a "504 plan" and assigned a social worker. Accordingly, the Court finds that the allegations do not establish that DPS's overall response to the incident was clearly unreasonable and deliberately indifferent.

Finally, although Plaintiff alleges that DPS had complete control over the school trip, there is no allegation that DPS had any control over the host son. Plaintiff fails to allege any remedial action that DPS could have taken against the host son. "A recipient cannot be directly liable for its indifference where it lacks authority to take remedial action." *Davis*, 526 U.S. at 644.

For these reasons, Plaintiff has failed to establish the second element of a Title IX claim as well.

IV. **CONCLUSION**

Therefore, the Court GRANTS the motion to dismiss (ECF No. 26).

DATED this 14th day of January, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge